**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| ROBERTO TAPIA CRUZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br><br>Respondent. | No. 2:26-cv-02950-SHL-cgc |

**ORDER GRANTING PETITION**

On July 29, 2026, Petitioner Roberto Tapia Cruz filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Mr. Tapia Cruz challenges his detention without a bond hearing. (Id. at PageID 1.) He seeks immediate release from Respondent's custody. (Id.) Respondent responded on August 6. (ECF No. 6.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 20.) Mr. Tapia Cruz replied on August 11.[1] (ECF No. 7.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

## BACKGROUND

Mr. Tapia Cruz, a citizen of Mexico, contends that he has resided in the United States continuously since 2004, when he entered the country as a minor child. (ECF No. 1 at PageID

[1] Mr. Tapia Cruz also filed a Motion to Expedite his petition on September 7, 2026. (ECF No. 8.) This Order resolves that motion, which is thus **DENIED AS MOOT**.

1.) However, Respondent contends that Mr. Tapia Cruz "entered the United States at an unknown place, date, and time. (ECF No. 6 at PageID 20.) Mr. Tapia Cruz is married to a U.S. citizen, has a ten-year-old biological child, and two stepchildren who are aged seventeen and twenty. (ECF No. 1 PageID 1–2.) On February 23, 2026, after receiving a citation for driving without a license in Wilson County, Tennessee, he was arrested by ICE. (Id. at PageID 2.) He remains in custody in the West Tennessee Detention Center. (ECF No. 6 at PageID 21.) He seeks immediate release from ICE custody. (ECF No. 1 at PageID 1.)

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter. (ECF No. 6 at PageID 20.) That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not 'seeking admission.'" Lopez-Campos, 175 F.4th at 732. Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (ECF No. 6 at PageID 21.) Specifically, according to Respondent, "Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court." (Id. at PageID 20.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 225 (BIA 2025) (holding that an immigration judge "lack[s] authority to hear bond requests

or to grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that "because Petitioner's rights to a bond hearing under §1226(a)" were denied, a bond hearing after the fact "'would not and cannot cure that constitutional violation,'" and while Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 14th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE